Craft vs. Jackson.

No. 40.—HANNAH CRAFT, plaintiff in error, vs. STEPHEN JACKSON, defendant.

[1.] Where a party to a suit, seeks to introduce the testimony of witnesses on the trial, taken by interrogatories and commission, he must state the particular ground, in his application for a commission, on which he seeks to take the deposition of such witnesses, as declared by the Acts of the Legislature; and unless the witness whose testimony has been taken by commission, is within some one of the provisions of the Statutes providing for the admission of such testimony, it will be rejected.

[2.] Where there has been no violation of any rule of law, and the facts of the case have been fairly submitted to the Jury by the Court, a new Trial will not be granted.

Trover, in Clark Superior Court. Tried before Judge DOUGHERTY, February Term, 1848.

This was an action of Trover, for a slave alleged to have been given by the defendant's intestate, and motion for a new Trial in behalf of the plaintiff in error, who was plaintiff below, on the following grounds:

1st. Because the Court rejected Interrogatories in behalf of the plaintiff, under the following facts: They were drawn and filed, but *before the commission issued* the witness removed into the county, where he resided at the time of their *execution* and *return;* at the time of the trial he had moved again from the county, and had been subpœnaed by the plaintiff.

2d and 3d. Because the Court rejected evidence, that the Father of the plaintiff and alleged Donor, together with his Wife, had been supported for many years previous to his death, by the labor of plaintiff and her sisters, and abandoned by his other children; and that the mother of the negro sued for was purchased partly and mostly by their labor, offered for the purpose of showing the reasonableness of the gift.

4th. Because the Court admitted the Tax books, for the purpose of showing that Daniel Craft, Sr. in his life-time, did not give in the negro in dispute as Agent for plaintiff, for the purpose of impeaching testimony of witnesses for plaintiff, who swore " they heard Daniel Craft, Sr. say to Hannah, she must raise money to pay Harriet's tax, which we know she did, and when Daniel Craft, Sr. paid said tax, it was as Agent for Hannah Craft."

Craft *vs.* Jackson.

(The 5th ground was abandoned before the Supreme Court, and need not be inserted.)

6th. Because the Court erred in charging the Jury that the testimony of Polly Craft was sought to be impeached by the opposite party, from the fact that Hannah did not claim the negro on two occasions ; 1st, when the negro was levied on, and 2d, at the time of the appraisement, and they, the Jury, were the judges whether the same did or did not impeach her testimony.

7th. Because the Court erred in stating to the Jury, " that it was proved by Julius Darby, one of the witnesses for defendant, that the plaintiff was present at the time of a levy upon this negro as the property of the donor, and gave no notice or intimation of her claim."

8th. Because the Court erred in referring to, and commenting on a part of the testimony without summing up the whole, in this, that the Court failed to direct the attention of the Jury to the testimony that Daniel Craft, Sr., in his life-time, repeatedly required the plaintiff to furnish the money to pay the tax on said negro; that the plaintiff did furnish the money, and that Daniel Craft paid the same as Agent for plaintiff; that Daniel Craft said plaintiff could take the negro at any time she pleased, and at the time of the levy said that the negro was not his, and repeatedly said he had given her to plaintiff.

9th. Because the verdict was contrary to the evidence.

Which motion was overruled by the Court below. In reference to the 2d and 3d grounds, the Court below remarks :

" The language of the rule is too strong for the facts in the case. When the questions, or similar ones, were asked the witness, defendant's counsel objected. After argument, the Court enquired of plaintiff's counsel, whether they relied on showing a purchase on the part of the plaintiff, by having paid the whole, or a part of the purchase money, for the negro sued for. Plaintiff's counsel answered in the negative, and urged the reception of the evidence, to show the reasonableness of the gift. The Court remarked that it was unnecessary to show that fact, since the plaintiff bore the relation of child to Daniel Craft, Sr., the alleged donor, and that connexion furnished a good consideration for the gift, whether reasonable or unreasonable. The counsel for plaintiff seemed satisfied, at least did not further urge the reception of the evidence. And the Court charged the Jury, that the relation of child to pa-

rent was a good consideration for a gift, and if one was made and perfected, it was valid without regard to its reasonableness or unreasonableness."

On the 4th ground the Court remarks, he charged the Jury the tax books were *very slight* evidence to impeach the witnesses.

On the 6th ground the Court says: "The Court, in charging the Jury, told them if they found that a delivery of the property to plaintiff was made by Daniel Craft, Sr., as testified by Polly Craft, it was a good and valid gift, and they should find for plaintiff; and then stated that defendant sought to rebut or counteract that evidence, by shewing that on two occasions the plaintiff had failed or neglected to interpose or give notice of her title or claim to the property, once, when the negro was levied on as Daniel Craft's property, and again, when the negro was appraised by the administrator, and expressly charged the Jury that they were the exclusive judges how far such failure affected the evidence of plaintiff's witnesses, the Court giving no opinion on the subject."

On the 7th ground, he remarked: "The Court did not pretend to repeat Darby's evidence, but simply called the attention of the Jury to the same, in connection with the levy on the negro.

On the 8th ground, he remarks: The error complained of in this ground, might have some foundation if the Court had undertaken to sum up the whole evidence in the case. But the Court did not attempt to make such summary. It is true that the Court charged the Jury, that if they were satisfied from *all* the testimony, that Daniel Craft, Sr., had given the negro to plaintiff, and perfected the gift according to the rule laid down by the Supreme Court, (in *I Kelly's Rep.*) it was a good and valid gift, and passed the title to plaintiff, and they should find accordingly. And the Court further charged, that the declarations of Daniel Craft, "that he had given the negro to plaintiff," were evidence in the case, and if such declarations were accompanied by a delivery of the property, or some other act parting with the dominion of the property, it was a valid gift, as decided in the case referred to.

On the last ground, the Court says, the verdict in his opinion was with the weight of the evidence.

HILLYER and COBB, for plaintiff in error.

HAYGOOD, for defendant.

Craft *vs.* Jackson.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The first exception taken to the decision of the Court below, in this case, is, the rejection of the testimony of Daniel Craft, junior, taken by commission.   It appears, from the certificate of the presiding Judge, that the commission issued to take the testimony of a witness who resided out of the county; but at the time the interrogatories were answered, executed, and returned into Court, and at the time the *commission bears date*, the witness resided in the county in which the suit was pending.   At the time the commission issued, which was the authority to take the deposition of the witness, he resided in the county in which the suit was pending, and could have been subpœnaed.   If the witness was going out of the State, or removing out of the county, or his official or other business would have required his absence from the county at the term of the Court at which the cause was to have been tried, then the application for a commission to take the testimony of the witness by interrogatories, should have been made according to the provisions of the Act of 28th Dec. 1838.   *Hotchkiss' Dig.* 585.

The taking testimony in civil causes, to be read on the trial, can only be taken in such manner, and under such circumstances as the Legislature have prescribed, and the particular circumstances under which the party seeks to take the deposition of the witness, should be stated, so that it may appear to the Court the deposition of the witness is authorized to be read in evidence under the law, so as to dispense with his personal examination in Court, which is always to be preferred when it can be done.   We concur in opinion with the Court below, that it would be a dangerous practice, to create exceptions in favor of the introduction of testimony by interrogatories and commission, beyond those which the Legislature have thought proper to create, and think the testimony was properly rejected on the trial.

[2.] We have carefully examined the other grounds of error taken for a new trial, as certified by the presiding Judge, together with his charge to the jury, as contained in the record before us, and the evidence; all of which, to our minds, do not furnish any legal ground for a new trial.   The law of the case, as well

as the facts, appear to have been fairly submitted to the jury by the Court below :

And the judgment of that Court is therefore affirmed.